# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

TAMMY J. SPRAGUE, )
 )
      Plaintiff, )
 )
vs. ) Case No. 10-cv-292-TLW
 )
MICHAEL J. ASTRUE, )
Commissioner of the Social Security )
Administration, )
 )
      Defendant. )

## **OPINION AND ORDER**

On July 17, 2006, plaintiff filed an application for disability and disability insurance benefits and for supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq. (R. 11). The applications were denied initially, on reconsideration, by an administrative law judge (ALJ) after a hearing, and by the Appeals Council on March 25, 2010. (R. 1-4). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. § 404.981, § 416.1481. In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. (Dkt. # 9). Any appeal of this decision will be directly to the Tenth Circuit.

### Background

A hearing before ALJ Deborah L. Rose was held on May 19, 2008. (R. 22-54). After the hearing, at plaintiff's request, the ALJ sought a consultative examination and report with respect to plaintiff's right leg and hip. (R. 52-53, 417-29). On July 23, 2008, the ALJ wrote to plaintiff's attorney stating that she had "secured additional evidence that I propose to enter into the record." (R. 189). The additional evidence appears to have been Dr. Sri K. Reddy's report

regarding plaintiff's right leg and right hip pain. (R. 419-23). The ALJ informed plaintiff's counsel that plaintiff could request a supplemental hearing and invited plaintiff's counsel to submit written comments, a written statement, and any additional records he wanted the ALJ to consider. Id. The ALJ also stated:

> If you request a supplemental hearing, <u>I will grant</u> the request unless I receive additional records that support a fully favorable decision.

(R. 190) (emphasis added). The ALJ gave plaintiff's attorney ten days to request a supplemental hearing. On July 25, 2008, plaintiff's counsel wrote to the ALJ that "[i]n the event Your Honor is inclined to deny the case, we would respectfully request a supplemental hearing in order that the limitations reported by Dr's. Janes and Reddy can be presented to the Vocational Expert for testimony." (R. 192).

No supplemental hearing was held, and the Record contains no indication that the ALJ responded to the July 25, 2008 letter requesting a supplemental hearing. By decision dated September 19, 2008, the ALJ found that plaintiff was not disabled. (R. 11-19). The ALJ's decision does not mention that plaintiff had requested a supplemental hearing. Id.

## Discussion

The normal standard of review does not apply to the present case, because the Court agrees with plaintiff that the ALJ's failure to grant the request for a supplemental hearing requires reversal on procedural grounds. The problems with the ALJ's failure to address plaintiff's request for a supplemental hearing are illustrated in <u>Yount v. Barnhart</u>, 416 F.3d 1233, 1235 (10th Cir. 2005). In <u>Yount</u>, the claimant was examined after the hearing before the ALJ, and the ALJ subsequently wrote to the claimant's counsel that he could request a supplemental hearing. The claimant's counsel made the written request for a supplemental hearing, but the ALJ did not respond to this written request and instead issued a decision unfavorable to the

claimant. Id. at 1234. Because the claimant's counsel had no "meaningful opportunity to address the post-hearing evidence," the Tenth Circuit ruled that the due process rights of the claimant had been violated, because he had been denied a full and fair hearing. Id. at 1236. See also Taylor v. Astrue, 2010 WL 3277426 (N.D. Okla.) (quoting Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) ("Procedural or technical errors do not require reversal if the errors are 'minor enough not to undermine confidence in the determination of [the] case.'")).

Based on Yount, this matter must be remanded for a supplemental hearing. The scope of the supplemental hearing is addressed next.

It is unclear what "additional evidence" was attached to the ALJ's July 23 letter. The letter does not describe the evidence, and there is nothing attached to the letter in the Record.[1] (R. 190-91). A reasonable interpretation of the hearing transcript would seem to establish that only the records related Dr. Reddy's consultative exam were attached. If this interpretation is correct, plaintiff had no right to seek another hearing regarding the records of Dr. Janes. Those records were submitted by plaintiff based on a request made by plaintiff's counsel during the hearing. Plaintiff's counsel specifically identified the records during the hearing, was given ten days to provide them, was not offered a supplemental hearing by the ALJ, and did not request a supplemental hearing until after receipt of the ALJ's letter enclosing the records from Dr. Reddy's consultative exam. The fact that the ALJ offered to conduct a supplemental hearing regarding plaintiff's hip and leg examination did not give plaintiff the right to seek such a hearing with respect to Dr. Janes' records as well. Nonetheless, because the ALJ failed to identify the "additional evidence" that was attached to her letter, the Court cannot be certain that Dr. Janes' records were not included with the ALJ's letter and, thus, that the ALJ's statement

---

[1] As is made more clear below, had the ALJ included in her letter a short list identifying the attachments, remand might have been avoided.

regarding a supplemental hearing was not intended to apply to those records as well as the records from Dr. Reddy's examination.[2]

Therefore, this matter is remanded so the ALJ can conduct a supplemental hearing solely with respect to whatever additional evidence was attached to the ALJ's July 23, 2008 letter to plaintiff's counsel.[3]

SO ORDERED this 1st day of June, 2011.

T. Lane Wilson
United States Magistrate Judge

---

[2] This Court's decision notwithstanding, it is difficult to understand what about Dr. Reddy's report could warrant a supplemental hearing. Dr. Reddy reached the following conclusions:
    Plaintiff has a full range of motion in both legs, her hips, and her feet.
    Plaintiff can lift and carry up to 50 lbs. continuously.
    Plaintiff can sit, stand, and walk for 8 hours without interruption.
    In an 8 hour work day, Plaintiff can sit a for six hours, stand for one hour, and walk for one hour in an 8 hour work day.
    Plaintiff does not require the use of a cane.
    Plaintiff has no limitations on her hands or feet.
    The only limitation on plaintiff's postural activities is that she is not to climb a scaffold.
    Plaintiff has no environmental limitation.
    No limitation was placed on plaintiff's work related activities.
    Any limitations of plaintiff were not expected to last more than twelve months.
(R. 421-28).

[3] The Court's review of the Record indicates that the ALJ's decision is otherwise supported by substantial evidence and that the ALJ applied the correct legal standards. However, due to the procedural error made by the ALJ and the fact that the Court does not know what was attached to the ALJ's July 23 letter, the Court is declining to enter any express findings in this regard.